# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **BRAD ALLEN SEARS** | **CIVIL ACTION NO. 3:11-cv-0090** |
| **LA. DOC #410964** | |
| | |
| **VS.** | **SECTION P** |
| | |
| | **JUDGE DONALD E. WALTER** |
| | |
| **WARDEN ALVIN JONES, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Brad Allen Sears, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 7, 2011. When he filed his suit, plaintiff was a prisoner at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana.  He complained that the spicy food served at the prison has put his health in jeopardy. In his original complaint he sued ECDC Warden Alvin Jones, Nurse Cora Coleman, Dietician Mrs. Wilson, Dr. Bailey, and Mrs Leanna  Middlebrooks; in an amended complaint, mailed from the nearby  Riverbend Detention Center, Lake Providence,  he named only three defendants, Dr. Bailey, Ms. Middlebrooks and Ms. Wilson. In his original complaint, he prayed for a transfer to another facility; he did not alter that prayer in his amended complaint.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Background*

When he filed this complaint, plaintiff was an inmate in the custody of Louisiana's

Department of Public Safety and Corrections; he was incarcerated at the ECDC in Lake Providence. He complained that he suffers from acid reflux and ulcers, a condition that he has had since infancy. According to plaintiff, Mrs. Coleman does not want to provide a bland diet for plaintiff as he has requested.  Instead, plaintiff complained that "almost every meal" consists of food prepared with pepper, onions, bell pepper, hot spices, and seasonings which cause plaintiff to experience heartburn and vomiting. According to plaintiff, he is losing weight because he is unable to get the proper diet for his medical condition.  As stated above, plaintiff prayed for a transfer to another prison.

On February 28, 2011, plaintiff was ordered to amend his complaint to identify each defendant and specify how each defendant violated his constitutional rights; he was also ordered to describe in detail the nature and extent of the injury he sustained as a result of the defendants' actions.

On March 28, 2011, plaintiff submitted a one page hand-written response in which he alleged that "...Dr. Bailey was contacted by Mrs. Cora Coleman/Mrs. Leanna Middlebrooks who then had Dr. Bailey order my diet to be changed to a No-Red Diet by word of mouth over the phone. Dr. Bailey could not have my diet changed when he does not possess a License for Gastroenterology." He also alleged that "Mrs. Leanna  (Middlebrooks) is the nurse for Phase 3 at R.B.D.C.  She is trying to manage nursing for E.C.D.C. when there is a nurse for the facility."  Finally, he alleged, "The Dietician Mrs. Wilson refused to have fixed or food prepared without the specified ingredients. She stated in the nurse's office that 'she couldn't fix certain foods for just one person.' The date of this is about the beginning of December 2010."

2

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another

opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint provided insufficient information and therefore he was instructed in the law and directed to amend. He was ordered to identify each person who was alleged to have violated his constitutional rights, to describe what each defendant did to violate his rights, and to describe the injury or harm he sustained as a result of the alleged violations. In response he offered a 1-page hand-written amendment which identified only 3 defendants – Dr. Bailey, Nurse Middlebrooks, and Mrs. Wilson, the ECDC Dietician.

Plaintiff has alleged a series of conclusory and frivolous allegations concerning the diet that he is provided at ECDC and RBDC; he has requested relief which is unavailable, and he has otherwise failed to state a claim for which relief may be granted.

## 2. Transfer to Another Facility

Plaintiff has always and only prayed for a transfer to another facility. Plaintiff is an LDOC inmate. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar

4

as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department...” See La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC.  Broad discretionary authority must be afforded to prison administrators because the administration of a prison is “at best an extraordinarily difficult undertaking.”  *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.  *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). “Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.” *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976);  *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).  Plaintiff is not entitled to the relief he seeks and thus he fails to state a claim for which relief may be granted.

### 3. *Special Diet*

Even if plaintiff were afforded yet another chance to amend his complaint to request alternative or additional relief, his complaint would be subject to dismissal. Plaintiff complains about

his diet. The Constitution mandates that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.' " *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted); see also *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir.1996) ( per curiam) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.' " *Talib v. Gilley*, 138 F.3d 211, 214, n. 3 (5th Cir.1998)(quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)) (internal quotations omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.*

Here, plaintiff has not alleged that he was denied anything close to the "minimal measure of life's necessities...".  Indeed, he alleged that the prison diet consists of food "prepared with pepper, onions, bell pepper, hot spices and seasonings for almost every meal" prepared by "unlicensed cooks." Nevertheless, it appears that Dr.  Bailey, on some unspecified date, ordered a "No-Red" diet (which plaintiff does not describe) apparently in order to accommodate plaintiff's dietary needs. Plaintiff complained, however, that Bailey was not a specialist in gastroenterology and therefore could not order the change.

He faulted Mrs. Middlebrooks for "trying to manage nursing" at both prison facilities – a claim unrelated to his dietary claim.

Finally, he complained that Mrs. Wilson, the dietician, refused to have food fixed without certain specified ingredients.  Plaintiff was given the opportunity to specify the fault of each defendant and he failed to avail himself of that opportunity.

Further, plaintiff has not alleged that he is without any alternatives with regard to his diet.

In his original complaint he claimed that his exposure to the regular prison diet resulted in bouts of heart burn and vomiting. However, he did not allege the frequency of these symptoms, and, other than his conclusory allegations, he did not provide sufficient facts to establish that the condition was in any way related to his diet. Further, he did not consider whether there were alternatives, such as prescription or over-the-counter medications that would resolve the problem.  Finally, he implied that most – but apparently not all –  of the food is prepared with the complained of ingredients. He did not state whether he could obtain an otherwise nutritious diet eating larger portions of the  food that is  not prepared with those ingredients. In other words, plaintiff has not alleged facts sufficient to state a claim that he was deprived of the "minimal civilized measure of life's necessities."  He has offered only  conclusory allegations to support his claim that the prison diet was inappropriate to his condition and has caused him any harm,  and that is insufficient to state a claim for which relief might be granted.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for requesting money damages from the LDOC, an entity that is immune from such a suit, all in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 7,  2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE